## Consolidated Realty Company v. Jones.

(Decided May 3, 1927.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Fourth Division).

Master and Servant.—In action by employee who failed to exercise right under Ky. Stats., section 4957, to come under the Workmen's Compensation Act (Ky. Stats., section 4880 et seq.), against employer who operated under the act, court should instruct on contributory negligence under section 4961, providing that employer in such case may avail himself of common-law defenses.

DAVID R. CASTLEMAN for appellant.

J. S. LUSCHER for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

William Jones, the appellee, was an employee of the Consolidated Realty Company, a corporation operating the Cortlandt apartment in the city of Louisville. His duties were that of a fireman, and he looked after the work incident thereto. There was a stairway which led from the first floor of said apartment building to the basement or boiler room. It is alleged in the petition that the stairway was so negligently constructed that while the appellee was going down the stairway to answer a telephone call in the discharge of his duty he fell and was precipitated on his head to the concrete floor of the basement, a distance of about ten feet, and that he was thereby seriously injured.

The appellant, in addition to denying the negligence and injury set out in the petition, pleaded that if the appellee was injured it was because of his own negligence which contributed to the injury.

A trial resulted in a verdict in favor of appellee for $1,830. Of this appellant complains and assigns a number of errors on the trial in the lower court as the basis of the complaint. We will examine such of these complaints as appear meritorious.

Before the trial was over the appellee filed an amended petition in which he improved the allegations contained in his original petition very materially, in that he alleged that appellant failed to provide him with a reasonably safe place in which to work. The evidence in behalf of plaintiff is directed towards showing that appellant did not furnish the appellee a safe place in which to work in that it failed to have a handrail on the stairway and that the stairway was not sufficiently lighted, both of which conduced to make the footing of appellee unsure. We are not going to pass on the question of the insufficiency of the evidence to take the case to the jury or whether the verdict of the jury is unsupported by the evidence, in view of the fact that there will have to be another trial of the case.

The case will have to be reversed because of the failure of the court to give an instruction on contributory negligence. The lower court delivered a brief written opinion on the motion for a new trial. He found that appellant had elected to operate under the Workmen's Compensation Act (section 4880 et seq., Ky. Stats.). His

opinion states that all of the employees of appellant except the appellee had signified and assented to the act; that is, they had elected to go under the act as provided in section 4957, Kentucky Statutes. The court suggested that the question for determination was whether the failure of appellee to make election to operate under the aforesaid act deprived the appellant of its common-law defenses. He held that it did, and it was for that reason that he failed to give an instruction on contributory negligence, and obviously, it was for the same reason that he denied proof offered to sustain the plea of contributory negligence. The instructions given by the court fairly present the law except such modification as is necessary to allow the appellant the benefit of his common-law defense.

In reaching his conclusions the lower court overlooked the provisions of section 4961, Ky. Stats., which directly and pointedly covers the question. This section provides that if an employee does not elect to operate under the provisions of said act when the employer has elected to operate under its provisions, he shall proceed to recover for any injury as if the act was not the law, and that the employer may avail himself of the defenses of contributory negligence and other common-law defenses.

The judgment of the lower court is reversed and cause remanded for proceedings consistent with this opinion.